900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bryan A. LATHAM, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY; John T. Wigginton; Stephen T.
Smith; Luther Luckett Correctional Complex;
Kathy Searcy, Defendants-Appellees.
 No. 89-6194.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bryan Latham appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 civil rights complaint.
 
 
 3
 Latham sued the Secretary of the Kentucky Corrections Cabinet, the Commonwealth of Kentucky, and officials at Luther Luckett Correctional Complex. He claimed that certain prison officials placed incorrect dates in his records and asked the district court to correct the records to reflect the amount of time that he has yet to serve on his sentence.
 
 
 4
 The district court dismissed the complaint as frivolous for failure to state a cause of action under section 1983.
 
 
 5
 Latham raises basically the same argument on appeal.
 
 
 6
 Upon consideration, we conclude that the district court correctly dismissed the complaint because it is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 7
 In effect, Latham challenges the fact or duration of his confinement by asking the court to correct his prison records to reflect the amount of time that he has yet to serve on his sentence and to set the correct date for his release. Thus, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Before Latham can bring his habeas suit, he must first exhaust his available state court remedies. See Preiser, 411 U.S. at 492.
 
 
 8
 For these reasons, the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.